UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MOHAMMED S. EL-HANINI                                    CIVIL ACTION

VERSUS                                                   NO. 17-1127

U.S. MARSHALS SERVICE, ET AL.                            SECTION: "F"(1)


**REPORT AND RECOMMENDATION**

Plaintiff, Mohammed S. El-Hanini, a federal pretrial detainee, filed the instant federal civil rights lawsuit pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] He sued the United States Marshals Service and an unidentified deputy marshal. In his original complaint, plaintiff claimed that he was inappropriately fondled by the unidentified deputy marshal on three occasions. In a recent letter to Court,[2] which is hereby construed as an amendment to the complaint, plaintiff additionally claimed that he was again assaulted by the same deputy marshal on July 24, 2017.

In order to clarify plaintiff's claims, the Court held a Spears hearing on August 15, 2017. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

---

[1] See Rec. Doc. 3, p. 2.
[2] Rec. Doc. 15.

Based on plaintiff's complaint, his amendment thereto, and his Spears hearing testimony, the Court finds that his claims and supporting allegations are as follows:

On August 3, 2015, at plaintiff's first court appearance following his arrest, he told the judge: "My name is Mohammed, but I'm Jesus himself." Although plaintiff actually believed his statement at the time, everyone was laughing at him. At the Spears hearing, he testified that he was not physically assaulted on that date.

However, on August 6, 2015, when the unidentified deputy marshal searched plaintiff, he sarcastically referred to plaintiff as "Jesus" and touched and rubbed plaintiff's genitals. Plaintiff was shocked by the inappropriate touching but did not say anything about it.

On August 17, 2015, the same deputy marshal then again inappropriately touched plaintiff in the same manner during another search. When plaintiff protested later that day, the marshal laughed, saying: "You claim to be Jesus, so I want to see your dick size."

On November 2, 2016, plaintiff again encountered the same deputy marshal. On that occasion, while pretending to adjust plaintiff's handcuffs, the deputy marshal "groped" plaintiff's hands in a sexual manner and winked at him.

On July 24, 2017, plaintiff once again encountered the same deputy marshal. On that occasion, he and another officer were searching two inmates at a time in the courthouse holding area. When it was plaintiff's turn to be searched, he objected to being searched by the deputy marshal due to the past incidents of abuse. At that point, the deputy marshal grabbed plaintiff, slammed him into the wall, began searching him "in a very aggressive way," and again "very obviously" touched him inappropriately. Plaintiff stated that the surveillance video of the incident would "show clearly" that this occurred.

At the Spears hearing, plaintiff stated that since filing his complaint he has learned that the deputy marshal's name is "Maurice."

After the Spears hearing, the Court contacted the United States Marshals Service to secure the surveillance video of the July 24 incident. That video was obtained, filed into the record,[3] and a copy was provided to plaintiff for his use in this proceeding. In addition, the Court learned from the Marshals Service that the unidentified deputy marshal in question was Maurice Lightfoot.

## I. Screening Standards

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[4] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or

---

[3] Rec. Doc. 18-1.
[4] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

>     (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[5] as amended, and fully considering his Spears hearing testimony, the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## II. Plaintiff's Claims

### A. Claim Against the United States Marshals Service

As noted, plaintiff has named the United States Marshals Service as a defendant. However, "[t]he United States Marshal's Service is not a proper defendant in a Bivens action." Whayne v. State of Kansas, 980 F. Supp. 387, 394 (D. Kan. 1997); accord West v. U.S. Marshal, No. 01-30350, 2001 WL 1468197 (5th Cir. 2001); Biyiklioglu v. St. Tammany Parish Jail, Civ. Action No. 14-1684, 2015 WL 3966219, at *8 (E.D. La. June 2, 2015), adopted, 2015 WL 3966159 (E.D. La. June 29, 2015); Cleary v. United States Marshal's Service, No. C95-6825, 1998 WL 246445, *3 n.6 (D. Ill. Apr. 20, 1998). Accordingly, the claim against the United States Marshals Service should be dismissed.

### B. Claim Against the Deputy Marshal

Plaintiff has also sued the individual officer involved, who has now been identified as Deputy Marshal Maurice Lightfoot. However, the claims against Lightfoot should be dismissed for the following reasons.

To the extent that plaintiff is claiming that Lightfoot's actions rose to the level of an actionable sexual assault, that contention is frivolous. As noted, plaintiff contends that, while fully clothed, he was inappropriately fondled on three occasions during the course of pat down searches and his hands were stroked in a sexually suggestive manner on another occasion. Although the

---

[5] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

5

Court accepts as true plaintiff's allegation that the pat down searches involved the touching of plaintiff's genitals, such touching in that context is neither inappropriate nor unconstitutional in and of itself. See Hunter v. Palmer, Case No. 1:17-cv-109, 2017 WL 1276762, at *10 (W.D. Mich. Apr. 6, 2017) ("The Court is convinced that society is not prepared to recognize as legitimate a prisoner's subjective expectation of privacy in having his genitals and buttocks free from a pat-down search, even if the searcher lingered for a short period of time over the prisoner's genitals and buttocks." (citation, quotation marks, and brackets omitted)); Watson v. Beard, Civ. Action No. 09-87, 2013 WL 4648323, at 10 (W.D. Pa. Aug. 28, 2013)) ("[A] routine pat-down search, which includes the groin area, is a constitutional method of ensuring prison security."), aff'd, 558 Fed. App'x 141 (3rd Cir. 2014); Sherwood v. Schofield, No. 2:12-cv-50, 2013 WL 3943542, at *5 (E.D. Tenn. July 30, 2013) ("The ordinariness and sanctioned nature of pat-down searches, which include a touching of the genitals, demonstrate that such searches do not violate evolving standards of decency that mark the progress of a maturing society. To conclude otherwise would ignore the fact that pat-down searches are performed, not only on those associated with the criminal justice system or law enforcement, such as prisoners, arrestees, detainees, and citizens who are reasonably suspected of criminal activity, but also members of the traveling public." (citations omitted)); Williams v. Boesing, No. 4:09CV753, 2011 WL 3607117, at *2 (E.D. Miss. Aug. 15, 2011) ("A pat-down search is by definition of short duration and minimal intrusiveness, in spite of the fact that some incidental touching of anal and genital areas may occur. … Random pat searches during movement are justified and consistent with penological objectives and security concerns."); Cherry v. Frank, No. 03-C-129, 2003 WL 23205817, at *12 (W.D. Wis. Dec. 4, 2003) ("Nonconsensual contact will always seem more intrusive to the object of that contact. … Any manual search of an individual's body will require some amount of manipulation of the genitals in order to accomplish

the purpose of the search. Although 'grabbing' and 'tugging' could cause some discomfort and embarrassment, it does not rise to the level of unnecessary and wanton infliction of pain so long as it occurs as part of an otherwise justified search." (quotation marks omitted)), aff'd, 125 Fed. App'x 63 (7th Cir. 2005).

Here, plaintiff attempts to avoid this general rule by arguing that, despite the fact that such searches can be appropriate, they were inappropriate in this particular case because he believes that Lightfoot was intentionally fondling him in a sexual manner. At the Spears hearing, plaintiff testified that Lightfoot's searches differed markedly from the numerous other searches plaintiff has endured while incarcerated, noting that it was only with Lightfoot that he has felt sexually abused.[6] Moreover, he indicated that sexual nature of the searches was most obvious in the incident of July 24, 2017, and that the surveillance video of that incident would "show clearly" that Lightfoot's touching was in fact inappropriate.

However, the Court has obtained and reviewed that surveillance video, and it clearly rebuts – not corroborates – plaintiff's allegations. The video shows that the entire encounter, from the time plaintiff was removed from the holding cell until he was returned to it, lasted less than ninety seconds. During the search, plaintiff, while fully clothed, was quickly patted down by Lightfoot and another officer. Lightfoot's actions during the search were routine and not sexual in nature by any stretch of the imagination. Where, as here, unaltered video evidence contradicts a plaintiff's account, the Court is not bound to adopt a plaintiff's characterization of the facts. See Thompson v. Mercer, 762 F.3d 433, 435 (5th Cir. 2014); Newman v. Guedry, 703 GF.3d 757, 761 (5th Cir. 2012) ("When one party's description of the facts is discredited by the record, we need not take

---

[6] The Court notes that this testimony appears to be contradicted by records subsequently provided to the Court by the United States Marshals Service. Those records indicate that plaintiff made strikingly similar allegations that a female counsellor sexually assaulted him during a pat down search at a federal prison on June 14, 2017. See Rec. Doc. 18.

7

his word for it but should view the facts in the light depicted by the videotape." (quotation marks omitted)). Based on the video, the undersigned can conclusively say that no sexual abuse occurred on July 24, 2017.

Of course, that fact is not dispositive as to whether sexual abuse occurred on the *prior* occasions. Nevertheless, the Court notes that plaintiff stated that the July 24th incident was the most obviously sexual in nature. Taking plaintiff at his word, the Court can only conclude that if Lightfoot's actions did not rise to the level of sexual abuse on that occasion, then no such abuse occurred on the other occasions which even plaintiff himself acknowledged were lesser incidents.[7]

To the extent that plaintiff is contending that Lightfoot employed excessive force during the incident on July 24, that contention is likewise disproved by the surveillance video. It is true that the video reflects that the search of plaintiff was a bit more forceful than the searches of the other inmates conducted at the same time. However, as plaintiff concedes and as the video clearly shows, plaintiff (unlike the other inmates) verbally refused to allow Lightfoot to conduct the search. Moreover, even after plaintiff reluctantly complied, he was hardly cooperative, and, as a result, the other officer present had to assist Lightfoot in conducting the search. Although a minimal measure of force was used during the search, that force consisted of nothing more than plaintiff being pushed against the wall so that the search could be conducted – and even that action could not be reasonably considered an unduly forceful shove. Once the quick search was

---

[7] The Court further notes that, as to the claims concerning the alleged fondling during the pat down searches on August 6 and 17, 2015, those claims would additionally appear to be prescribed. "The statute of limitations for a Bivens action is borrowed from state law, and Louisiana tort law provides a one-year prescriptive period." Adrian v. Selbe, 364 Fed App'x 934, 936 (5th Cir. 2010) (citation omitted); accord El-Hanini v. United States Marshal Deputy John Doe, Civ. Action No. 17-965, 2017 WL 3503382, at *5 (E.D. La. July 12, 2017), adopted, 2017 WL 3494296 (E.D. La. Aug. 15, 2017). Here, petitioner's lawsuit was not filed until 2017, more than one year after the incidents on August 6 and 17, 2015.

The Court additionally notes that the claim concerning the remaining incident on November 2, 2016, although timely asserted, is inarguably frivolous. As noted, plaintiff alleged that Lightfoot "groped" his hands in a sexual manner and winked at him on that occasion. Even if that occurred, such actions, while objectionable, were not so egregious as to violate plaintiff's constitutional rights.

completed, plaintiff was immediately returned to the holding cell, having suffered no physical injury whatsoever.

In summary, the force used on July 24 was *de minimis* in nature, objectively reasonable, not in excess of what was necessary to gain compliance from a resistant inmate in order to conduct a legitimate search, and did not result in any injury. Accordingly, in no way could Lightfoot's use of force be considered unconstitutional.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this first day of September, 2017.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**